UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MONTEL GEST, | ) |
| | ) |
| Plaintiff, | ) JURY DEMAND |
| | ) |
| vs. | ) CAUSE NO.: |
| | ) |
| AMAZON.COM SERVICES, LLC, | ) JUDGE: |
| | ) |
| Defendant. | ) MAGISTRATE JUDGE: |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CAE**

1. Plaintiff, Montel Gest ("Plaintiff" or "Gest"), by counsel, brings this action against Defendant, Amazon.com Services, LLC, ("Defendant") alleging violations of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII") and the Tennessee Human Rights Act ("THRA").

**II. PARTIES**

2. Gest, at all times relevant, was a resident of Davidson County, Tennessee which is within the geographical boundaries of the Middle District of Tennessee.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Middle District of Tennessee.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §2000e-5(f)(3).

5. Gest's state law claims arise from the same common nucleus of operative facts as his federal law claims and all her claims form a single case and controversy under Article III of

the United States Constitution

6. Defendant is an "employer" as that term is defined by 42 U.S.C. 2000e(b) and THRA.

7. Plaintiff, at all relevant times, was an "employee" as that term is defined by 42 U.S.C. 2000e(f) and THRA.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee; thus, venue is proper in this Court.

9. Plaintiff satisfied his obligation to exhaust his administrative remedies by timely filing his EEOC Charge against the Defendant alleging discrimination based on sex, race, and retaliation – EEOC Charge No.: 494-2021-01668. The Right to Sue was issued by the EEOC.

## IV. FACTUAL ALLEGATIONS

10. Gest, who is an African-American male, was hired by Defendant on or about December 11, 2017, as a Program Manager at a pay rate of $34.60 per hour.

11. At the time of the issues contained herein, Gest was working in Logistics under the supervision of Michael Edgin ("Edgin"), who is White.

12. During all relevant time periods, Gest met or exceeded Defendant's legitimate performance expectations.

13. The discriminatory issues began in or about March 2020, when Edgin required Gest to submit to an "assessment test" when the Defendant does not require such tests.

14. During that time, due to the pandemic, employees were required to work from home. Gest's home was in Atlanta, Georgia.

15. Edgin would not assign any work to Gest and, for Gest to be given work, Edgin required Gest to relocate to Nashville, Tennessee and work of the warehouse – despite Defendant's mandate that employees work from home/remotely.

16. Gest pointed out the Edgin that he was not a warehouse employee, but a corporate employee. Nonetheless, Edgin required Gest to leave his family and move to Nashville – which Gest complied in August 2020.

17. In August 202, Gest engaged in a protected activity and reported his issues with Edgin to the Defendant. No remedial action was taken by the Defendant and Edgin refused to provide work to Gest through December 2020, while at the same time providing work to White employees.

18. On or about January 18, 2021, Gest engaged in a protected activity and filed an internal written complaint of discrimination with the Defendant, wherein he outlined that he was being discriminated against based on his race and/or sex.

19. On or about January 28, 2021, Gest filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on his race – EEOC Charge no.: 494-2021-00830.

20. In March of 2021, Gest was given an unfavorable performance review and "Memorandum of Expectation" from Edgin, which prevented Gest from transferring teams, receiving a pay increase, or being eligible for promotion. In fact, on or about March 22, 2021, Gest had applied and passed his interview to transfer to a different team. However, the team's manager informed Gest – that after speaking with Edgin – she could not place Gest on her team.

21. This poor performance review was issued in retaliation for Gest engaging in a protected activity.

22. In April 2021, Gest and the Defendant engaged in mediation and agreed to remove the "Memorandum of Expectation" and that Gest would have a "fresh start."

23. After the mediation, the Defendant drafted a Release for Gest to sign that was not agreed upon in the mediation.

24. Gest informed the Defendant he would not sign the Release because it was not a part of the mediation, the hostile work environment was increasing, and the Release contained language that Defendant could terminated Gest if his – "performance did not improve."

25. During this entire time, Edgin continued to harass and create a hostile work environment for Gest. In fact, in April of 2021 after the mediation, Gest interviewed to transfer to another team with the Defendant. However, Gest was not granted the transfer. The Hiring Manager for that team informed Gest that Edgin said Gest was a poor employee.

26. Gest continued to report the discrimination and harassment to the Defendant – to no avail.

27. Shortly after Gest's - then legal counsel – informed Defendant Gest would not sign the Release, on or about May 7, 2021, Edgin presented Gest with a written disciplinary action and Performance Improvement Plan ("PIP").

28. Gest's PIP was to run from May 10, 2021 through June 7, 2021.

29. Gest had never received a disciplinary action or any warning that his performance was lacking prior to March 2021.

30. Defendant issued the PIP in order to retaliate against Gest and to increase the pressure of a hostile work environment in order to cause Gest to quit his employment.

31. Moreover, the PIP prevented Gest from transferring teams, receiving a pay increase, or being eligible for promotion.

32. Additionally, neither the Defendant nor Edgin offered any training or direction for Gest's required improvement. The PIP was simply pretext to further harass and bully Gest.

33. Gest worked for 7 other managers during his 3 years with the Defendant prior to Edgin becoming his manager. Gest had no issues, work performance issues, or alleged disciplinary issues during that timeframe.

34. In May 2021, Gest applied for personal leave due to the discrimination, retaliation, and hostile work environment. The Defendant denied his request for personal leave.

35. Eventually, Defendant provided Gest medical leave.

36. Gest continued to file internal complaints of discrimination and harassment and the Defendant failed to investigate or take any remedial action.

37. Gest did not receive his stock grant compensation from the Defendant in June 2021.

38. As a result, on or about August 4, 2021, Gest filed a Charge of Discrimination with the EEOC – Charge no.: 494-2021-01668.

39. The Dismissal and Notice of Suit Rights for Charge no.: 494-2021-01668 was issued by the EEOC on January 27, 2022.

40. On or about February 28, 2022, the Defendant terminated Gest's employment over an alleged relocation package issue.

41. On or about March 18, 2022, Gest contacted the EEOC regarding his termination from the Defendant and has been assigned Charge no.: 494-2022-01542. Nonetheless, Gest's termination claims falls within the 1 year statute of limitations for a THRA claim.

## V. CAUSES OF ACTION

### COUNT I – TITLE VII – GENDER DISCRIMINATION

42. Gest hereby incorporates by reference paragraphs one (1) through forty-one (41) of his Complaint as if the same were set forth at length herein.

43. Gest was subject to discriminatory treatment because of his sex when he was harassed, subjected to a hostile work environment, passed over for transfer/promotion, and issued unwarranted disciplinary actions.

44. Defendant's conduct was intentional, willful, and in reckless disregard of Gest's rights as protected by Title VII.

45. Gest suffered damages as a result of Defendant's unlawful actions.

### COUNT II – TITLE VII – RACE DISCRIMINATION

46. Gest hereby incorporates by reference paragraphs one (1) through forty-five (45) of his Complaint as if the same were set forth at length herein.

47. Gest was subject to discriminatory treatment because of his race, African-American, when he was harassed, subjected to a hostile work environment, passed over for transfer/promotion, and issued unwarranted disciplinary actions.

48. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's legal rights.

49. Defendant's unlawful actions violated Plaintiff's rights as protected by Title VII.

50. Plaintiff suffered damages as a result of Defendant's unlawful actions.

## COUNT III – TITLE VII – RETALIATION

51. Gest hereby incorporates by reference paragraphs one (1) through fifty (50) of his Complaint as if the same were set forth at length herein.

52. Defendant retaliated against Plaintiff Gest for engaging in protected activity when he was harassed, subjected to a hostile work environment, passed over for transfer/promotion, and issued unwarranted disciplinary actions.

53. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's legal rights.

54. Defendant's unlawful actions violated Plaintiff's rights as protected by Title VII.

55. Plaintiff suffered damages as a result of Defendant's unlawful actions.

## COUNT IV – VIOLATIONS OF THE THRA

56. Gest hereby incorporates by reference paragraphs one (1) through fifty-five (55) of his Complaint as if the same were set forth at length herein.

57. Defendant discriminated against Gest based on his race and/or gender and/or it retaliated against him when it terminated his employment.

58. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's legal rights.

59. Defendant's unlawful actions violated Plaintiff's rights as protected by the THRA.

60. Plaintiff suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Montel Gest, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

2. Reinstate Plaintiff to his previous position, with the same seniority, benefits, and duties he previously held, or award front pay in lieu thereof;

3. Enjoin Defendant from discriminating against anyone else based on their gender and/or race and/or for engaging in a protected activity;

4. Award compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

5. Award compensatory damages for emotional distress, physical distress, mental distress, and embarrassment under Title VII;

6. Award punitive damages under Title VII;

7. Award all costs and attorney's fees incurred as a result of bringing this action;

8. Award pre- and post-judgment interest on all sums recoverable; and,

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

_s/Kyle F. Biesecker_
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*

## VII. DEMAND FOR JURY TRIAL

The Plaintiff, Montel Gest, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

<div style="margin-left:50%">

Respectfully Submitted,

_s/Kyle F. Biesecker_____
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*

</div>